UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CAROLYN ANGEL,                  :     NO. 1:06-CV-00857
                                :
        Plaintiff,              :
                                :
        v.                      :     **OPINION AND ORDER**
                                :
COMMISSIONER OF SOCIAL          :
SECURITY,                       :
                                :
        Defendant.              :
                                :


        This matter is before the Court on the Magistrate Judge's
February 14, 2008 Report and Recommendation (doc. 17), and
Plaintiff's Objections (doc. 20).  For the reasons indicated
herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report
and Recommendation and DISMISSES this case from the Court's docket.

**I. Background**

        Plaintiff filed this action pro se on December 15, 2006,
seeking a judicial review, pursuant to 42 U.S.C. § 405(g) (2006),
of the Commissioner of Social Security's ("Commissioner") denial of
Plaintiff's applications for disability insurance benefits ("DIB")
and Supplemental Security Income ("SSI") (doc. 3).  Plaintiff filed
applications for DIB and SSI in September 2003, alleging disability
starting December 2002 from panic attacks, depression, back pain,
and muscle spasms (doc. 17).  After Plaintiff's applications were
denied once and then again upon reconsideration, she was granted a
de novo hearing before an administrative law judge ("ALJ") (Id.).

Plaintiff was 51 years old at the time of the hearing, has the equivalent of a high school diploma, and her past work history includes a job as a housekeeper in a medical setting (Id.). At the hearing, Plaintiff and a Vocational Expert ("VE") testified (Id.).

The ALJ denied Plaintiff's applications on December 27, 2005 (Id.). In her decision, the ALJ determined that Plaintiff suffers from severe impairments of chronic muscle strain and sprain, obesity, tachycardia, traumatic and degenerative joint disease with chronic low back pain, hypertension, anxiety disorder, and depressive disorder not otherwise specified (Id.). The ALJ, however, found that Plaintiff's impairments do not meet or equal any within the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1 (2008) (Id.). The ALJ also found Plaintiff's allegations regarding her disabilities not totally credible (Id.).

The ALJ determined Plaintiff has a residual functional capacity ("RFC") for less than the full range of medium exertion (Id.). According to the ALJ, Plaintiff can lift, carry, push and/or pull 50 pounds occasionally and 25 pounds frequently; stand/walk about six hours and sit for about six hours; never climb ladders, ropes, or scaffolds; and only occasionally kneel, crouch, or crawl (Id.). The ALJ also found Plaintiff has mild limitations in the ability to maintain attention, relate adequately to others in a work setting, and cope with routine job stress (Id.). The VE testified that, based on the given limitations, Plaintiff could

2

perform her past relevant work (Id.).  The ALJ, using the VE testimony and the Dictionary of Occupational Titles, which showed housekeeping in a medical setting normally requires medium levels of exertion, found that Plaintiff is able to perform her past relevant work (Id.).  Accordingly, the ALJ determined that Plaintiff is not disabled under the Social Security Act and is not entitled to DIB or SSI (Id.).  Plaintiff appealed to the Appeals Council, which denied the appeal and therefore made the ALJ's decision the final decision of the Commissioner (Id.).

In his Report and Recommendation, the Magistrate Judge reviewed the ALJ's findings and the medical evidence in the record and concluded that "the record contains substantial evidence to support a conclusion that [P]laintiff is able to perform her past relevant work and is not disabled" (Id.).  Plaintiff filed her Objections on February 28, 2008 (doc. 20), so that this matter is now ripe for the Court's review.

## II.  Discussion

The Court reviews this matter de novo because Plaintiff filed objections to the Magistrate Judge's Report and Recommendation.  Fed. R. Civ. P. 72(b).  Rule 72(b) states that "[t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this

rule." Id. The Rule further indicates that "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

Judicial review of the Commissioner's decision, being that of the ALJ in this case, is limited to determining whether there is substantial evidence in the record to support the factual findings. 42 U.S.C. § 405(g); Smith v. Sec'y of Health & Human Servs., 893 F.2d 106, 108 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993).

The claimant has the burden of proving by sufficient evidence that she is entitled to DIB and SSI. 20 C.F.R. § 404.1512(a). To show that claimant is entitled to DIB, she must be under 65 years old, have filed an application for DIB, and be under a disability. 42 U.S.C. § 423(a)(1). The only issue in this case is whether Plaintiff is disabled, as defined in Section 423(d). Plaintiff must show that, during the relevant time period, she suffered impairment expected to last at least twelve months, which rendered her unable to perform either the work previously done by her or any other work considered substantial gainful employment that exists in the national economy. 42 U.S.C. § 423(d)(1)-(2).

4

To show that claimant is an "eligible individual" entitled to SSI, she must meet certain financial qualifications and must be disabled. 42 U.S.C. § 1382(a). The only issue for SSI is again whether Plaintiff is disabled, of which the same standard applies as for a DIB determination. 20 C.F.R. § 416.905; 42 U.S.C. § 423(d)(1)-(2).

**A.  The Magistrate Judge's Report and Recommendation (doc. 17)**

In the Report and Recommendation the Magistrate Judge noted that Plaintiff did not identify any specific errors made by the ALJ (doc. 17). The Magistrate Judge asserted that he carefully reviewed the ALJ's decision and found the ALJ complied with the applicable law and that substantial evidence exists in the record to support the ALJ's determinations (<u>Id.</u>). Therefore, the Magistrate Judge recommended that this Court affirm the decision (<u>Id.</u>).

Regarding Plaintiff's severe impairments, the Magistrate Judge found the record substantially supports the ALJ's findings (<u>Id.</u>). The Magistrate Judge stated that even though it is arguable that the ALJ should have found that Plaintiff has a severe impairment of a psychotic disorder, based on the diagnosis by Dr. David, the ALJ's conclusion otherwise does not constitute reversible error (<u>Id.</u>, <u>citing</u> <u>Maziarz v. Sec'y of Health & Human Servs.</u>, 837 F.3d 240, 244 (6th Cir. 1987)). The Magistrate Judge asserted that the ALJ, in analyzing Plaintiff's severe impairments,

adequately considered Dr. David's treatment records (Id.).

Concerning the ALJ's physical RFC determination, the Magistrate Judge examined the ALJ's evaluation of the treating physician and Plaintiff's credibility and found the ALJ's determination supported by substantial evidence (Id.). The Magistrate Judge noted that a treating physician's opinion is generally accorded great weight, but the weight given to it depends on whether objective medical evidence supports the opinion (Id., citing 20 C.F.R. § 404.1527(d); Harris v. Heckler, 756 F.2d 431 (6th Cir. 1985)). The Magistrate Judge stated that in order to have rejected a treating physician's opinion, the ALJ must have had a sufficient basis to do so (Id., citing Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997)). Even though the treating physician, Dr Roberts, diagnosed Plaintiff with much more severe physical limitations than did the ALJ, the Magistrate Judge found that even Dr Roberts' report reflected no significant medical findings (Id.). Further, the other clinical and objective medical evidence supported the ALJ's determinations, rather than supporting Dr. Roberts' opinion (Id.). Specifically, in addition to the overwhelming evidence from non-treating physicians that contradicts Dr. Roberts' opinion, x-rays and an MRI show essentially normal results (Id.). Therefore the Magistrate Judge concluded that because the ALJ gave a reasoned, supported evidentiary basis for rejecting Dr. Roberts' conclusions regarding Plaintiff's

6

limitations, the ALJ's decision in this respect is supported by substantial evidence and is not in error (Id.).

With respect to Plaintiff's credibility, the Magistrate Judge noted that the ALJ's finding is entitled to deference (Id., citing Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001)). The Magistrate Judge further concluded there was "no evidence the ALJ mischaracterized [P]laintiff's testimony" and "[t]he ALJ's decision clearly reflects that she properly considered the required factors in making her credibility determination" (Id. citing 20 C.F.R. §§ 404.1529(c) and 416.929(c)).

Regarding the ALJ's mental RFC determination, the Magistrate Judge found that the ALJ's findings were supported by substantial evidence (Id.). The Magistrate Judge recognized that the ALJ, in effect, adopted the evaluation given by Dr. Berg in making her mental RFC findings (Id.). Although Plaintiff's therapist opined that Plaintiff had some relevant mental difficulties in December 2003, later psychological evaluations by Dr. David showed no evidence of psychosis from January 2004 through July 2005 (Id.). The Magistrate Judge concluded that the ALJ reasonably made her mental determinations because they were substantially supported by evidence from Dr. Berg and Dr. David (Id.).

Finally, the Magistrate Judge found that the VE testimony also supported the ALJ's denial of Plaintiff's applications (Id.).

The VE testified that Plaintiff could perform her past relevant work based on the ALJ's RFC determination (<u>Id.</u>).  The Magistrate Judge noted that even though the ALJ posed a hypothetical question specifying an ability to lift 100 pounds occasionally, rather than 50 pounds, which is what the ALJ ultimately determined for Plaintiff, the VE testified that Plaintiff's past work was typically performed at the medium level of exertion (<u>Id.</u>).  The Magistrate Judge found that, in any event, Plaintiff could perform her past work as it is generally performed, even if Plaintiff could not perform it as she, herself, typically had in the past (<u>Id.</u>). The Magistrate Judge therefore concluded that the record contains substantial evidence to find Plaintiff not disabled and the ALJ's decision should be affirmed (<u>Id.</u>).

**B.    Plaintiff's Objections (doc. 20)**

Plaintiff's objections to the Magistrate Judge's Report and Recommendation are disjointed and difficult to understand. Plaintiff claims that several statements in the Report and Recommendation are "untrue," and that her health has not improved but has deteriorated (doc. 20).  Specifically, Plaintiff appears to object to the Magistrate Judge's conclusion that the ALJ's findings concerning Plaintiff's physical limitations are supported by substantial evidence (<u>Id.</u>).  She supports this contention by pointing out that Dr. Merz said she "may have injured [her] back lifting a patient at work" (<u>Id.</u>).  Plaintiff next lists her

ailments: back fractures and spine misalignment, for which she has three back braces; schizoaffective disorder, for which she takes Seroquel daily; high blood pressure, for which she takes Hydrochlorothiazide daily; pain and swelling, for which she takes Meloxicam daily; muscle spasms, for which she takes Flexeril daily and Tylenol as needed; bone spurs in her knees; and internal bleeding, which she claims is established by testing at her gynecologist's office (<u>Id.</u>). Plaintiff also objects to the finding that housekeeping in a medical setting requires a medium level of exertion (<u>Id.</u>). She claims the job is performed at an extremely high level of exertion, is fast-paced, and requires accurate decisions to be made because "it is a matter of life or death," involving the risk of injury to employees or patients (<u>Id.</u>).

## C.   Analysis

Having reviewed and considered this matter <u>de novo</u>, the Court finds the Magistrate Judge's Report and Recommendation thorough and well-reasoned. The Court therefore adopts and affirms in all respects the opinions expressed in the Report and Recommendation (doc. 17), and denies Plaintiff's Objections (doc. 20).

In spite of Plaintiff's objections to the Magistrate Judge's report, the Court finds sufficient clinical evidence in the record to substantiate the ALJ's findings. 42 U.S.C. § 405(g); <u>Smith</u>, 893 F.2d at 108. Specifically, the Magistrate Judge did not

err in finding the opinion of the treating physician, Dr. Roberts, unsupported, inconsistent with other evidence in the record, and even contrary to Dr. Roberts' own report that noted there were "no significant medical findings" (doc. 17).  The Magistrate Judge also correctly asserted that the ALJ was within her bounds to not find a severe impairment of a psychotic disorder because substantial evidence supported her conclusion, even though Dr. David's diagnosis may have supported an opposing view (Id.).  Furthermore, the Magistrate Judge correctly concluded that the ALJ appropriately found Plaintiff was not totally credible with regard to her disability allegations because the ALJ considered the applicable factors from Sections 404.1529(c) and 416.929(c).

In her Objections, Plaintiff makes, in effect, two arguments to show she qualifies as disabled.  She argues first that housekeeping in a medical setting requires higher than a medium level of exertion and, second, that her RFC determination is inaccurate, which she attempts to show by listing her ailments (doc. 20).  In considering her first objection, the Court recognizes that the ALJ used the Dictionary of Occupational Titles under Listing 323-687-010 to find that housekeeping in a medical setting is generally performed at medium levels of exertion in the national economy (Tr. 25).  The ALJ also noted that Plaintiff performed her specific position using heavy levels of exertion (Id.), which Plaintiff emphasized in her Objections (doc. 20).  In

10

making a determination of disability, the ALJ need not find that a claimant can perform her past relevant work as she, herself, typically performed it.  The ALJ need only find that a claimant can perform her past relevant work as it is generally performed in the national economy.  <u>Studaway v. Sec'y Of Health & Human Servs.</u>, 815 F.2d 1074, 1076, ("[claimant] must prove 'an inability to return to his former <u>type</u> of work and not just to his former job'") <u>citing</u> <u>Villa v. Heckler</u>, 797 F.2d 794, 798 (9th Cir. 1986) (emphasis original).  Furthermore, the VE testified that Plaintiff could return to her type of work as it is generally performed (doc. 17). Therefore, based on the determined RFC, the Dictionary of Occupational Titles, and the VE testimony, there is substantial evidence in the record to support the ALJ's conclusion that Plaintiff was not disabled.  42 U.S.C. § 405(g).

The Court now turns to the issue of whether the ALJ's RFC determination was appropriate.  With respect to the ailments listed in Plaintiff's Objections that are consistent with the record (back problems, muscle spasms, high blood pressure, and depression) (doc. 20), there is substantial evidence, as already noted, to affirm the ALJ's RFC determination.  42 U.S.C. § 405(g).  Plaintiff, however, lists other ailments that are not in the record.  Specifically, Plaintiff adds new evidence by alleging that she has bone spurs in her knees and internal bleeding (doc. 20).

The Court may remand the case for new evidence to be

11

considered by the Commissioner only "upon a showing that there is new evidence which is <u>material</u> and that there is <u>good cause</u> for the failure to incorporate such evidence into the record in a prior proceeding." <u>Casey</u>, 987 F.2d at 1233, <u>citing</u> 42 U.S.C. § 405(g) (emphasis added). Here, Plaintiff has not made the requisite showing to justify a remand. Plaintiff has not attached any doctors' reports that support her allegations; thus it is unclear when the alleged ailments occurred and what effect they had on Plaintiff during the relevant time period for which she has applied for DIB and SSI. <u>VanVolkenburg v. Sec'y of Health & Human Servs.</u>, 865 F.2d 262 (6th Cir. 1988) (holding deterioration of claimant's condition in 1987 was not material to claimant's condition in 1985). In any event, with respect to Plaintiff's alleged internal bleeding, the claim that her gynecologist tested her and discovered that she has not had her menstrual cycle for fourteen years (doc. 20) contradicts the record, in which she apparently associated pain in her legs with her monthly periods (doc. 17).

Moreover, to show good cause, Plaintiff must give a valid reason for her failure to obtain evidence for the prior hearing. <u>Oliver v. Sec'y of Health & Human Servs.</u>, 804 F.2d 964, 966 (6th Cir. 1986), <u>citing</u> <u>Willis v. Sec'y of Health & Human Servs.</u>, 727 F.2d 551, 554 (6th Cir. 1984). Here, Plaintiff has not given any reasons as to why she did not introduce this new evidence during the ALJ hearing. Nor has Plaintiff cited to Section 405(g) or

12

argued for a remand.  <u>Casey</u>, 987 F.2d at 1233.  Therefore, the case should not be remanded to the Commissioner to evaluate new evidence because Plaintiff has not shown good cause for doing so.

## III. Conclusion

The Court finds the ALJ's decision to deny Plaintiff's applications supported by substantial evidence in the record, and thus the Commissioner's decision is not reversible.  42 U.S.C. § 405(g); <u>Smith</u>, 893 F.2d at 108.  Furthermore, the case should not be remanded because Plaintiff has not made the requisite showing to justify a remand.  <u>Casey</u>, 987 F.2d at 1233.

Having reviewed this matter <u>de novo</u>, pursuant to Title 28 U.S.C. Section 636, the Court does not find well-taken Plaintiff's Objections to the Magistrate Judge's Report and Recommendation, which the Court finds thorough, well-reasoned, and correct. Therefore, the Court ADOPTS the Magistrate Judge's Report and Recommendation (doc. 17), AFFIRMS the Magistrate Judge's Recommendation (<u>Id.</u>), ENTERS judgment in favor of Defendant Commissioner, and DISMISSES this case from the docket of the Court.


SO ORDERED.


Date: July 16, 2008      /s/ S. Arthur Spiegel
                         S. Arthur Spiegel
                         United States District Senior Judge